Filed 10/22/20  P. v. Tuuaipea CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090333 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE003997) |
| v. | |
| TAVITA TUUAIPEA, | |
| Defendant and Appellant. | |

A jury found defendant Tavita Tuuaipea guilty of robbery and residential burglary, and the trial court found true various prior convictions and prison term enhancements. The court sentenced defendant to 25 years to life plus 14 years in prison.  On appeal, defendant argues that his prior prison term enhancements must be stricken because of recent changes to California law.  The People agree, and so do we.  Accordingly, we shall modify the judgment to strike the prior prison terms at issue and affirm as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of defendant's crime are irrelevant to the issues raised on appeal. It suffices to say that in July 2019 a jury found defendant guilty of robbery (Pen. Code, § 211)[1] and residential burglary (§ 459). The trial court found true allegations that defendant suffered two prior serious felony convictions for first degree burglary (§ 667, subd. (a)), which also qualified as prior strikes under the three strikes law (§ 667, subd. (e)(2)). The court also found true allegations that defendant had suffered four prior prison terms. (§ 667.5, subd. (b)) Those prison terms resulted from offenses that were not "sexually violent" offenses within the meaning of section 667.5, subdivision (b), as recently amended.

The trial court imposed an indeterminate term of 25 years to life in prison for the robbery, a determinate term of 14 years--two five-year terms for the two prior serious felonies and four one-year terms for the prior prison term enhancements--and 25 years to life for the burglary, stayed. (§ 654.)

Defendant timely appealed.

While the appeal was pending, Senate Bill No. 136 (2019-2020 Reg. Sess.) became law and "eliminate[d] the section 667.5 one-year prior prison term enhancement for all prior convictions, except sexually violent offenses." (*People v. Bermudez* (2020) 45 Cal.App.5th 358, 378; see stats. 2019, ch. 590, § 1.)

DISCUSSION

We agree with the parties that defendant's four one-year enhancements for prior prison terms should be stricken, because Senate Bill No. 136 is ameliorative and applies retroactively to his case, which is not yet final on appeal. (*People v. Bermudez, supra*, 45 Cal.App.5th at p. 378 [striking the one-year prior prison term after agreeing with the

---

[1] Further undesignated statutory references are to the Penal Code.

parties that "because defendant's sentence is not yet final, and because his prior offense (possessing a prohibited weapon) was not a sexually violent offense, he is entitled to the ameliorative benefit" of Sen. Bill No. 136].)

Because the trial court imposed the maximum sentence, we need not remand this matter for resentencing. (See *People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15; *People v. Winn* (2020) 44 Cal.App.5th 859, 872-873.) However, we will direct amendment of the determinate abstract of judgment, and also correction of the indeterminate abstract of judgment, which misidentifies the robbery as a violation of section 459 rather than section 211.

## DISPOSITION

The judgment is modified to strike the four one-year prior prison term enhancements and affirmed as modified. The trial court is directed to amend and correct the abstracts of judgment as described by this opinion and to send certified copies of the new abstracts to the Department of Corrections and Rehabilitation.


/s/
Duarte, J.


We concur:


/s/
Hull, Acting P. J.


/s/
Murray, J.

3